IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| MILAN NIKOLIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 01-PWG-3274-J |
| | ) | |
| JOHNNY BATES, M.D., et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTERED**

**SEP 2 2 2003**

## MEMORANDUM OF OPINION

On May 12, 2003, the magistrate judge made numerous recommendations with regard to the dismissal of certain claims and defendants pursuant to 28 U.S.C. §1915A(b)(1), plaintiff's request for injunctive and declaratory relief, and the referral of other claims to the magistrate judge for further proceedings. No objections to the magistrate judge's report and recommendation have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED, with the exception of the 'recommendation' portion of the report. However, the magistrate judge's conclusions of law are ACCEPTED. To explain, the Court notes further that several proposed conclusions of law in connection with certain defendants and claims in the body of the report are not accurately reflected in the 'Recommendation and Notice of Right to Object' portion of the report. Therefore, although the proposed conclusions of law by the magistrate judge are due to be and are hereby ADOPTED, the recommendation portion of the report is REJECTED to the extent that it does not comport with the magistrate judge's conclusions.

Thus, the following opinion of this Court accurately reflects the magistrate judge's conclusions of law.

The following defendants and claims are due to be dismissed pursuant to 28 U.S.C. §1915A(b)(1):

1. All claims against the Department of Corrections' defendants in their official capacities;

2. All claims against defendants Michael Haley, NaphCare, Inc., Nurse Kinard, Dr. Bates' cohorts, Murray and Swinney;

3. All Fifth and Fourteenth Amendment Due Process claims, including all conspiracy claims associated therewith, in connection with all disciplinary actions taken against the plaintiff, all claims of inadequate medical care, and all conditions of confinement claims;

4. All conspiracy claims associated with plaintiff's Eighth Amendment conditions of confinement claims;

5. All slander claims;

6. The following First Amendment retaliation claims;

 a. Retaliation claim against defendant Bates in connection with the December 7, 2001, disciplinary infraction,

 b. Conspiracy to retaliate claims against defendants Davis and Kizzare in connection with the December 7, 2001, disciplinary infraction,

 c. Conspiracy to retaliate claims against defendants Kizzare, Scott, Robertson, Bates, Owen, and Davis, in connection with the December 19, 2001, behavioral citation,

 d. Retaliation and conspiracy to retaliate claims against defendants Owen, Robertson, Lt. Boyette, and Sgt.Boyette associated therewith in violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment (conditions of confinement)

 e. Retaliation and conspiracy to retaliate claims against defendant Robertson in connection with the January 12, 2002, disciplinary action, and

7. All Eighth Amendment cruel and unusual punishment claims associated with the plaintiff's disciplinary infractions.

Further, plaintiff's requests for declaratory and injunctive relief have been rendered moot, as plaintiff is no longer incarcerated.

Finally, the following claims against the respective defendants are due to be referred to the magistrate judge for further proceedings:

1.   All Eighth Amendment conditions of confinement claims against defendants Owen, Robertson, Lt. Boyette, and Sgt. Boyette;

2.   All Eighth Amendment inadequate medical care claims against defendants Bates, Batchelder, Owen, Robertson, Lt. Boyette, Sgt. Boyette, and Davis;

3.   First Amendment retaliation claims, with the underlying factual basis for said claims being;

    a.   disciplinary action(s) taken against the plaintiff by defendants;

       1. Davis and Kizzare, with regard to the December 7, 2001, disciplinary,

       2. Owen, Scott, and Robertson, with regard to the December 19, 2001, behavioral citation,

       3. Marbutt, Kizzare, Davis, Lt. Boyette, and Owen with regard to the January 12, 2002, smoking disciplinary, and conspiracy claims associated therewith, and

    b.   alleged violations of the plaintiff's right to Equal Protection by defendant Davis, and

4.   Equal Protection claims against defendants Davis and Lt. Boyette.

An appropriate order will be entered.

DATED this ___19th___ day of ___September___, 2003.

_____
Chief United States District Judge
U. W. Clemon